QIANWU YANG (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
Shandong Yunxiang Century Intelligent Technology Co., Ltd.
Shandong Jiuhui Information Technology Co., Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shandong Yunxiang Century Intelligent Technology Co., Ltd. and Shandong Jiuhui Information Technology Co., Ltd.,<br><br>           Plaintiffs,<br><br>     v.<br><br>Purple Innovation, LLC,<br><br>           Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Shandong Yunxiang Century Intelligent Technology Co., Ltd. (a.k.a. shandongyunxiangshijizhinengkejiyouxiangongsi, herein after "Yunxiang") and Shandong Jiuhui Information Technology Co., Ltd. (a.k.a. shandongjiuhuixinxikejiyouxiangongsi, herein after "Jiuhui") (collectively, "Plaintiffs") file this Complaint for Declaratory Judgment of Noninfringement against Defendant Purple Innovation, LLC ("Defendant"). In support of their complaint, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2. Plaintiffs seek declaratory judgments that U.S. Patent No. D990,930 ("the D930 Patent") is not infringed by Plaintiffs' seat cushion products, including but not limited to all products among Plaintiffs' seat cushion offerings (collectively referred to as "the Non-Infringing Seat Cushions"). A true and correct copy of the D930 Patent is attached hereto as Exhibit 1.

3. Plaintiffs bring this action in view of the actual controversy created by Defendant under the D930 Patent. Defendant has asserted a patent infringement claim against the Non-Infringing Seat Cushions with Amazon, causing Amazon to remove Plaintiffs' listings for the Non-Infringing Seat Cushions on Amazon.com.

## PARTIES

4. Plaintiff Shandong Yunxiang Century Intelligent Technology Co., Ltd. is a Chinese corporation with its principal place of business at Building 12, Room 3-1204, Huaxia Diyuan, No. 1899 Weizishan Road, Licheng District, Jinan City, Shandong Province, China.

5. Plaintiff Shandong Jiuhui Information Technology Co., Ltd. is a Chinese corporation with its principal place of business at Room 1232, 12th Floor, Building 11, Longhu Aodong, High-Tech Zone, Jinan City, Shandong Province, China.

6. Upon information and belief, Purple Innovation, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 4100 North Chapel Ridge Road, Suite 100, Lehi, Utah 84043.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, including the Patent Act, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties. Defendant filed a patent infringement complaint with Amazon, which resulted in the removal of Plaintiffs' Non-Infringing Seat Cushions from Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under

28 U.S.C. §§ 2201 et seq.

9. This Court has personal jurisdiction over Defendant as Defendant has purposefully directed enforcement activities toward this judicial district. Specifically, Defendant submitted complaints to Amazon alleging that Plaintiffs' products infringed its intellectual property rights, which resulted in the removal of Plaintiffs' product listings and the cessation of sales, including in California. These actions have caused significant financial harm to Plaintiffs in this District and elsewhere, giving rise to a controversy under 28 U.S.C. §§ 2201 et seq.

10. Defendant also engages in commerce within California, including advertising, marketing, distribution, and sales of goods bearing the asserted intellectual property rights, thereby establishing sufficient contacts to render the exercise of jurisdiction reasonable and proper.

11. For example, as of the date of this filing, Defendant's website indicates that it operates and sells products through numerous stores in California. By targeting California consumers and enforcing its intellectual property rights in a manner that directly impacts Plaintiffs' business within this District, Defendant is subject to specific personal jurisdiction under Federal Circuit precedent.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

13. Defendant's enforcement actions, including its complaints to Amazon, directly caused harm to Plaintiffs' business operations in this District by removing their product listings and obstructing their sales. Plaintiffs conduct business in this District, and their products are sold nationwide, including in California. Defendant's actions have substantially interfered with Plaintiffs' ability to conduct business within this District, making venue proper.

14. Defendant directly targets business activities toward consumers in California by operating multiple retail locations that offer goods to California residents and by asserting intellectual property claims that harm Plaintiffs' business in this District. Defendant's enforcement actions against Plaintiffs' products jeopardize Plaintiffs' business activities in California, justifying venue in this judicial district.

## FACTUAL BACKGROUND

**A.     The Non-Infringing Seat Cushions**

15. Plaintiffs conduct business through storefronts on Amazon.com under the names "Hvllyan US" and "KYSMOTIC-US," respectively offering a variety of seat cushions for sale.

16. Plaintiff Shandong Yunxiang Century Intelligent Technology Co., Ltd. operates the Amazon storefront Hvllyan US, which sells seat cushions identified by Amazon Standard Identification Numbers (ASINs), including but not limited to

1  B0BGKQC3JH.

2  17.     Plaintiff Shandong Jiuhui Information Technology Co., Ltd. operates
3  the Amazon storefront KYSMOTIC-US, which sells seat cushions identified by
4  Amazon Standard Identification Numbers (ASINs), including but not limited to
5  B08YRRNCCK and B08YRVZ8Z1.

6  18.     On or about February 9, 2025, ASIN B08YRVZ8Z1 was removed
7  from Amazon due to alleged infringement of the D930 Patent.

8  19.     As of the date of filing this Complaint, ASIN B08YRVZ8Z1 remains
9  unavailable on Amazon's platform due to Defendant's infringement complaint.

10  20.    The Amazon marketplace constitutes Plaintiffs' primary sales channel
11  into the United States. To remain competitive in the United States market for seat
12  cushions, Plaintiffs need the Non-Infringing Seat Cushions listed in the Amazon
13  marketplace. Amazon has removed the Non-Infringing Seat Cushions from the
14  marketplace, preventing Plaintiffs from accessing their largest channel of trade
15  because of Defendant's alleged infringement complaint to Amazon. Thus,
16  Defendant's submission of an Amazon infringement complaint has caused
17  immediate and irreparable harm to Plaintiffs.

18  **B.     U.S. Patent NO. D990,930**

19  21.     The D930 Patent, entitled "Cushion with hexagonal cells," was filed
20  with the USPTO on April 20, 2021. The D930 Patent issued on July 4, 2023, and

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF
- 6 -
SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

claims "[t]he ornamental design for a cushion with hexagonal cells, as shown and described." *See* Exhibit 1. The perspective view of the D930 Patent is shown as below:

FIG. 1

22.  D930 (Application No. 29/779,618) claims priority from and is a continuation-in-part of U.S. Design Patent No. D917,206 (Application No. 29/694,846), which was filed on June 13, 2019.

23.  Upon information and belief, Purple Innovation, LLC is the current assignee and patent owner of the D930 Patent.

## COUNT I

**Declaratory Judgment of Invalidity of U.S. Patent No. D990,930**

24. Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

25. An actual case or controversy exists between Plaintiffs and Defendant as to whether the D930 Patent is invalid.

26. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights as to whether the D930 Patent is invalid.

27. The D930 Patent is invalid, at a minimum, as obvious over the prior art. The prior art references that render the D930 Patent obvious, whether alone or in combination, include, by way of example only and without limitation, publicly available seat cushion products and patents predating the priority date of the D930 Patent: (i) the BulbHead seat cushion product (hereinafter "the BulbHead"); (ii) Chinese Patent No. CN 107105891.

28. One such prior art reference, by way of example only and without limitation, the BulbHead, which was publicly available before the priority date of the D930 Patent (accessible at https://www.amazon.com/dp/B077JH8156, last visited Feb. 10, 2025). *See* Exhibit 2.

29. The BulbHead, identified by Amazon using ASIN B077JH8156, has been available on Amazon since at least November 16, 2017—more than one year before the priority date of the D930 Patent.

30. The below chart compares exemplary image of the prior art BulbHead

1  to the claimed design of the D930 Patent:

| D990, 930 | BulbHead |
|---|---|
| Fig 1 Top Perspective View | |

31. The prior art reference, BulbHead, is identical to the D930 Patent with respect to the hexagonal cells.

32. Another such prior art reference, by way of example only and without limitation, is Chinese Patent No. CN 107105891, which was publicly available before the priority date of the D930 Patent (accessible at https://patents.google.com/patent/CN107105891B/en?oq=CN107105891, last visited Feb. 10, 2025). See Exhibit 3 and Exhibit 3-1.

33. Chinese Patent No. CN 107105891 was published on August 29, 2017, more than one year before the priority date of the D930 Patent, and constitutes prior art under 35 U.S.C. § 102.

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 9 -

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

34. The below chart compares exemplary images of the prior art CN 107105891 to the claimed design of the D930 Patent:

| D990, 930 | CN 107105891 |
|---|---|
| Fig 1 Top Perspective View | Fig 1 |

35. The prior art reference, Chinese Patent No. CN 107105891, is identical to the D930 Patent with respect to the hexagonal cells.

36. Therefore, the D930 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT II

**Declaratory Judgment of Non-Infringement of U.S. Patent No. D990,930**

37. Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

38. The design similarity here, the hexagonal cells, stems from aspects of the design that are well-established in the prior art. *See Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344 (Fed. Cir. 2020).

39. Plaintiffs' Non-Infringing Seat Cushions do not infringe the D930 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the Non-Infringing Seat Cushions are the same as the design claimed in the D930 Patent, as the following chart illustrates:

| D990,930 | Plaintiffs' Non-Infringing Seat Cushions |
|---|---|
| Fig 1 Top Perspective View | |



Fig 2 Top View

Fig 3 Bottom View

| | |
|---|---|
| FIG. 4<br>Fig 4 First Longitudinal Side View | |
| FIG. 5<br>Fig 5 Second Longitudinal Side View | |

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF
- 13 -
SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 6 First Transverse Side View

Fig 7 Second Transverse Side View

40. Specifically, Plaintiffs' Non-Infringing Seat Cushions are substantially different from the D930 Patent in light of the prior art in at least the

following respects, by way of example only and without limitation:

- The claimed design presents a top view with a distinctly rectangular shape, characterized by a greater length-to-width ratio. In contrast, the Non-Infringing Seat Cushion's top view features a more square-like shape with nearly equal side lengths.

- The claimed design presents a side view with a tapered contour that progressively narrows toward the ends. In contrast, the Non-Infringing Seat Cushion's side view exhibits a more rounded and smoothly curved profile without a distinct taper. These differences in the overall shape and contour result in a clearly distinguishable visual impression between the claimed design and the Non-Infringing Seat Cushion.

41. For at least these reasons, the Non-Infringing Seat Cushions do not infringe the D930 Patent.

42. An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Seat Cushions have infringed the claims of the D930 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Seat Cushions does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the D930

Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the D930 Patent.

## COUNT III

## Unfair Competition

43. Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

44. Defendant's conduct constitutes unfair competition under the common law of the State of California.

45. Defendant has acted unlawfully and unfairly by submitting baseless intellectual property complaints to Amazon, which resulted in the wrongful removal of Plaintiff Jiuhui's Non-Infringing Seat Cushions from Amazon.com.

46. By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff Jiuhui's business operations, including the removal of Non-Infringing Seat Cushions that do not infringe any valid intellectual property rights.

47. As a direct and proximate result of Defendant's unfair competition, Plaintiff Jiuhui has suffered, and continues to suffer, material harm in an amount to be proven at trial, including loss of sales and damage to its competitive standing. Furthermore, Plaintiff Jiuhui has suffered irreparable harm that cannot be fully measured or compensated in monetary terms alone. Such harm will continue unless Defendant's wrongful actions are restrained and enjoined both during and after this

litigation.

## COUNT IV

### Tortious Interference

48. Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

49. Defendant knowingly and intentionally interfered with Plaintiff Jiuhui's valid and existing business relationships and expectancy of sales of its products, including the Non-Infringing Seat Cushions, via Amazon.com. Defendant engaged in this interference for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Seat Cushions. This interference resulted in damages due to Plaintiff Jiuhui's lost sales of the Non-Infringing Seat Cushions and related products.

50. As a direct and proximate result of Defendant's tortious interference, Plaintiff Jiuhui has suffered damages, including significant losses in sales of the Non-Infringing Seat Cushions and other products, resulting in lost revenue and profits directly attributable to those lost sales.

51. Defendant's actions have significantly harmed Plaintiff Jiuhui's business operations by substantially reducing the rankings of Plaintiff Jiuhui's products on Amazon, which negatively impacts product visibility, reviews, and ratings. This reduced visibility in consumer searches has directly diminished Plaintiff Jiuhui's market presence and sales performance.

1  52. The decline in product rankings and visibility has caused substantial financial harm to Plaintiff Jiuhui, including lost sales and profits, as well as increased warehousing and inventory holding costs due to reduced product turnover.

53. These damages extend beyond lost revenue, inflicting harm on Plaintiff Jiuhui's goodwill and brand reputation, which are essential to maintaining competitive standing in the market. The exact amount of these damages will be proven at trial and cannot be fully measured or compensated in monetary terms alone.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Seat Cushions have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the D930 Patent;

B. A judgment declaring that the claim of the D930 Patent is invalid;

C. A judgment declaring that Defendant interfered with Plaintiff Jiuhui economic relationship with Amazon.com;

D. A judgment declaring that Defendant unfairly competed with Plaintiff Jiuhui;

E. A permanent injunction enjoining Defendant from asserting the D930

Patent against Plaintiffs' Non-Infringing Seat Cushions;

  F. An award of monetary damages sufficient to compensate Plaintiff Jiuhui for Defendant's tortious conduct and unfair competition;

  G. An award of punitive damages in an amount to be determined at trial;

  H. An order awarding Plaintiffs' costs and reasonable attorney's fees as permitted by law; and

  I. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims and issues so triable.

DATED:  February 11, 2025

**SHM LAW FIRM**

By: */s/ Qianwu Yang*
  QIANWU YANG  (Cal. Bar No. 336610)
  yang@shm.law
  YI YI (Cal. Bar No. 353482)
  yi.yi@shm.law
  **SHM LAW FIRM**
  3000 El Camino Real
  Building 4, Suite 200
  Palo Alto, CA 94306
  Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
Shandong Yunxiang Century Intelligent Technology Co., Ltd.
Shandong Jiuhui Information Technology Co., Ltd.